UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DE'ANDRE L. KENDRICK,

Plaintiff,

-against-

OPRAH WINFREY, et al.,

Defendants.

1:25-CV-9038 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff De'Andre L. Kendrick, who is currently incarcerated in the Pendelton Correctional Facility, in Pendelton, Indiana, brings this action *pro se*.[1] He sues: (1) Oprah Winfrey, the "owner of Oprah Winfrey Studio[s]" and the owner and Chief Executive Officer of Harpo Productions Inc.; (2) "Gale" (actually Gayle) King, a "newscaster"; and (3) Tyler Perry, an actor and the owner and Chief Executive Officer of Tyler Perry Studios. (ECF 1, at 1.) Plaintiff seek injunctive relief.

In addition to his complaint (ECF 1), Plaintiff has filed: (1) a "motion requesting entry of appearance/motion requesting hearing by telephone or video conference" (ECF 7); (2) a "request for the United States District Court to grant/order for a nondisclosure and civil action/suit to be removed from the view of the general public" (ECF 10); (3) a "motion for entry of default" (ECF 11); (4) a "motion for disclosure statement for supplemental filing" (ECF 13); (5) a "motion without leave of status of service with joinder pleadings" (ECF 14); (6) a "motion to construe pleading civil cause number #1:25-CV-09038-LTS" (ECF 15); (7) a "motion for leave of

[1] Plaintiff filed the complaint commencing this action while incarcerated in the Westville Correctional Facility, in Westville, Indiana.

supplemental filing with joinder pleading for discovery" (ECF 17); and (8) a "motion for leave to prosecute or defend as a[n] indigent person" (ECF 19).

By separate order dated December 11, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action as frivolous and denies all pending motions and requests.

**STANDARD OF REVIEW**

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following allegations are drawn from the complaint.[3] Plaintiff alleges that the events that are the basis for his claims took place in New York City on September 22, 2025. (ECF 1, at 1.) On that date, he "briefly detoxified off of a very long scientific experimental Governmental

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

medicational study pertaining to 'influenceable impacts' relating to society's population and the upliftment of the lower level of society." (*Id.* at 2.) Plaintiff "is the moving force behind this movement which has been in full force since the 1990's." (*Id.*) Plaintiff "had authorized Defendant Oprah Winfrey to fulfil[l] the [Chief Executive Officer] position of a few corporation[s] which non-disclosers he[']s been put in place of." (*Id.*) Plaintiff and Winfrey "have been married for well over 25 years now and have a child which is kept out of pla[in] sight of the general public." (*Id.*) Winfrey "was paired with" Defendant Gayle King, "who is also married to" Plaintiff "and also actor" Defendant Tyler Perry "to create a pathway for the unwealth[y] and those in society [that] are in need of help." (*Id.*)

King "became angr[y] with" Plaintiff for "poking fun at . . . [her about] an old picture of herself which had been taken back when . . . [she] was in high school." (*Id.* at 2-3) Plaintiff's "name known to himself . . . after detoxifying is 'King ZAY ZAY' [and] also 'Xavier Lavelle Anderson.'" (*Id.* at 3.) Perry is indebted to Plaintiff and "has multiple books written by" Plaintiff, but "has not forwarded copies nor the funds of production of the books." (*Id.*) Perry has also "falsified the fact that [Plaintiff] . . . wrote these books with . . . Winfrey and . . . King backing . . . Perry up on his claims of ownership of Tyler Perry Productions." (*Id.*) King is also indebted to Plaintiff. She and Plaintiff "had [an] agreement for five million dollars and unlimited conjugal visitation [with Plaintiff] and . . . Winfrey had agreed to seven million dollar[s], [a] picture of her . . . body[,] and also unlimited conjugal visitation with" Plaintiff. (*Id.*)

Perry is "disregarding all [the] debts which he owes" Plaintiff, and therefore, "violated" Plaintiff's "constitutional rights." (*Id.*) Such "acts constitute negligence, deliberate indifference, mental anguish and also violates the Lanham Act, . . . false advertisement, fraud, [and] theft." (*Id.*) Plaintiff states that "[t]his movement was supported by . . . Queen Elizabeth II." (*Id.*)

Plaintiff seeks as relief: (1) unlimited "conjugal . . . visitations with . . . Winfrey"; (2) 25 "packs of Newport cigarettes '100-shorts' purchased by . . .Winfrey"; (3) "'size 12' . . shoes Jordans and Airmax's purchased by . . . Winfrey"; and (4) "six pounds of cannabis, a pack of lighters, seven pair[s] of all gray Jordan sweat suits size extra large[,] . . . five [e]xtra large pizzas 'meat-lovers[,]' [and] '50 boneless hotwings' delivered to [him] weekly[,] all items purchased by . . . Winfrey." (*Id.* at 4.)

**DISCUSSION**

**A. This action is frivolous**

The Court must dismiss this action as frivolous. The IFP statute requires a court to dismiss an action, or a portion of an action, if it determines that it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.").

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Id.* at 368. Rather, a complaint must include a factual basis in support of the complaint's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to

raise a right to relief above the speculative level[.]" (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed.2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (footnote omitted)).

Plaintiff's complaint is premised upon his belief that: (1) he instructed Winfrey to be the Chief Executive Officer of multiple corporations; (2) he is married to both Winfrey (with whom he has a child) and King; (3) both King and Perry are indebted to him; (4) Perry has refused to pay his debts to Plaintiff; and (5) both Winfrey and King have made agreements with Plaintiff involving millions of dollars and unlimited conjugal visits with him. These allegations, which have no factual support, amount to conclusory allegations and suspicions that are "wholly incredible." *Denton*, 504 U.S. at 33. The Court finds that Plaintiff's allegations are not plausible and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i); *Neitzke*, 490 U.S. at 323 (noting that the IFP statute "authoriz[es] *sua sponte* dismissal of an [IFP] complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief'").

**B. Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional

allegations leading to a different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court denies all pending motions and requests. The Court therefore directs the Clerk of Court to terminate ECF 7, 10, 11, 13, 14, 15, 16, 17, and 19.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: August 19, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.