UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DE'ANDRE KENDRICK,<br>Plaintiff,<br>-against-<br>OPRAH WINFREY, et al.<br>Defendants. | 1:25-CV-9038 (LLS)<br>ORDER |

LOUIS L. STANTON, United States District Judge:

By order dated August 19, 2026, and entered on August 20, 2026, and by judgment dated and entered on August 21, 2026, the Court dismissed this action *sua sponte* as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i). (ECF 20, 21.) By order dated August 26, 2026, and entered on September 1, 2026, the Court denied a motion that Plaintiff had filed in this action before this action was dismissed, but that was not entered until after this action was dismissed. (ECF 25.) In another order dated September 3, 2026, and entered on September 4, 2026, the Court again denied another motion that Plaintiff had filed in this action before this action was dismissed, but that was not entered until after this action was dismissed. (ECF 26.)

On September 22, 2026, the court received from Plaintiff, who appears *pro se* and is currently incarcerated in the Pendelton Correctional Facility, in Pendelton, Indiana, a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), and a "Memorandum of Law in Support of the Prison Litigation Reform Act" ("Memorandum"). (ECF 28, 29.)

In his Rule 4(a)(5) motion, Plaintiff indicates that he wishes to appeal the "judgment" entered in this action on August 19, 2026. (ECF 28.) For the reasons discussed below, the Court construes Plaintiff's Rule 4(a)(5) motion as a notice of appeal declaring Plaintiff's intent to

appeal the abovementioned August 19, 2026 order of dismissal and August 21, 2026 civil judgment. The Court directs the Clerk of Court to file the Rule 4(a)(5) motion as a notice of appeal and to forward the record of this action to the United States Court of Appeals for the Second Circuit for the purposes of Plaintiff's appeal.

In his Memorandum, Plaintiff challenges the Court's dismissal of this action in its August 19, 2026 order; he seems to refer to the Memorandum, at least in part, as a "Rule 60(b) motion to Reconsider post judgment." (ECF 29, at 1.) For the reasons discussed below, the Court construes Plaintiff's Memorandum as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and as a motion for relief from a final judgment or order, brought under Rule 60(b) of the same rules ("Rule 60(b)"), and denies those motions.

## DISCUSSION

### A. Plaintiff's Rule 4(a)(5) motion is construed as a notice of appeal

The Court construes Plaintiff's Rule 4(a)(5) motion as a notice of appeal. While Plaintiff's Rule 4(a)(5) motion is not captioned as a notice of appeal, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Among the reasons that courts do this is "to avoid inappropriately stringent application of formal labeling requirements[] or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381-82 (citations omitted).

Under Rule 3 of the Federal Rules of Appellate Procedure ("Rule 3"), a notice of appeal must (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment—or the appealable order—from which the appeal is taken," and (3) "name the court to which the appeal is taken." Fed. R. App. P.

3(c)(1)(A)-(C). The Supreme Court of the United States has instructed courts to "construe Rule 3 liberally when determining whether it has been complied with, [but] noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (internal quotation marks and citation omitted); *see also* Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."). Moreover, federal courts "take 'a liberal view of papers filed by indigent and incarcerated [litigants], as equivalents of notices of appeal.'" *Barrett v. United States*, 105 F.3d 793, 795 (2d Cir. 1996) (quoting *Coppedge v. United States*, 369 U.S. 438, 442 n.5 (1962)).

Plaintiff's Rule 4(a)(5) motion is captioned for this action, indicates Plaintiff's intent to appeal the Court's August 19, 2026 dismissal of this action and, although it fails to specify the United States Court of Appeals for the Second Circuit as the appellate court to which Plaintiff is taking his appeal, review of the abovementioned order of dismissal and judgment can be had only in that court. *See Barrett*, 105 F.3d at 796 (holding that a *pro se* submission satisfied the requirement to name the court to which an appeal was to be taken, even though the Second Circuit was not specified, because the Second Circuit was the only court in which the appeal could be taken); *see also Jackson v. Lightsey*, 775 F.3d 170, 175-76 (4th Cir. 2014) ("[W]e have no difficulty concluding that [a *pro se* litigant's] failure to add the words 'Fourth Circuit' to his notice of appeal did not bring him out of compliance with Rule 3. Where, as in this case, there is only one possible appellate forum, the filing of an otherwise proper notice of appeal may itself be the 'functional equivalent' of naming that court under Rule 3(c)(1)(C)."). Accordingly,

Plaintiff's Rule 4(a)(5) motion satisfies the abovementioned Rule 3 requirements, and the Court construes that motion as a notice of appeal in which Plaintiff declares his intent to appeal from the Court's August 19, 2026 order of dismissal and August 21, 2026 civil judgment in the Second Circuit.

Under Rule 4 of the Federal Rules of Appellate Procedure ("Rule 4"), a notice of appeal in a civil action must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). But "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3," that is, it "specifically indicate[s] the litigant's intent to seek appellate review [and, therefore,] provides sufficient notice to other parties and the courts [of the litigant's intent,] . . . it is effective as a notice of appeal." *Smith*, 502 U.S at 248-49; *see Barrett*, 105 F.3d at 795 ("A pro se party's filing will suffice as a notice of appeal so long as it 'evinces an intent to appeal an order or judgment of the district court and [the] appellee has not been prejudiced or misled by the notice.'" (citation omitted)).

With respect to the abovementioned 30-day period to file a notice of appeal, Plaintiff had, at the latest, until September 21, 2026, to file a timely notice of appeal.[1] Plaintiff, who is incarcerated, appears to have delivered his notice of appeal (Rule 4(a)(5) motion (ECF 28)) for its mailing to this court, and thus, filed it, on or about September 11, 2026, the date that he signed it, *see Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have

---

[1] The last day of that 30-day period, which is measured from the August 21, 2026 entry of the abovementioned civil judgment, actually fell on Sunday, September 20, 2026. Thus, the expiration of that 30-day period was extended to the next court-business day, Monday, September 21, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *see also Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing the "prison-mailbox rule"). Thus, Plaintiff's notice of appeal is timely.

**B. The Court has jurisdiction to consider Plaintiff's construed Rule 59(e) and Rule 60(b) motions**

Because Plaintiff's Memorandum challenges the Court's August 19, 2026 order of dismissal (*See* ECF 29, at 1), the Court construes it as motions seeking relief under Rule 59(e) and Rule 60(b). But because the Court has also construed Plaintiff's Rule 4(a)(5) motion to be a timely filed notice of appeal, *see supra* at 2-5, the Court must determine whether it has jurisdiction to consider Plaintiff's Rule 59(e) and Rule 60(b) motions. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). If a party files a notice of appeal before the district court disposes of a timely filed Rule 59(e) motion or a Rule 60(b) motion filed within the period of time to file a timely Rule 59 motion, however, then the notice of appeal does not become "effective" until after the district court rules on the last of those motions. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); *see also* Fed. R. Civ. P. 59(e) (Rule 59(e) motion must be filed within 28 days of the date of the entry of judgment).

Relevant to the abovementioned rules, Plaintiff had 28 days from the August 21, 2026 entry of the abovementioned civil judgment, or until September 18, 2026, to seek Rule 59(e) and Rule 60(b) relief. *See id.* In his Memorandum, which the Court has construed as a Rule 59(e) motion and a Rule 60(b) motion, Plaintiff, who is incarcerated, certifies that he mailed the Memorandum to the Court on September 11, 2026. (ECF 29, at 2). Thus, by operation of the

"prison-mailbox rule," *see Walker*, 430 F.3d at 562-64, Plaintiff filed his Rule 59(e) motion and Rule 60(b) motion on September 11, 2026, within the abovementioned 28-day period, on or about the same date when he filed his timely notice of appeal. *See supra* at 2-5. Accordingly, the Court has jurisdiction to consider Plaintiff's Rule 59(e) motion and Rule 60(b) motion. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

**1. Rule 59(e) relief**

The Court must deny Plaintiff's construed Rule 59(e) motion. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Plaintiff has asserted nothing demonstrating that the Court has overlooked controlling law or factual matters with regard to its dismissal of this action *sua sponte* as frivolous. (*See* ECF 20.) The Court therefore denies Plaintiff's construed Rule 59(e) motion.

**2. Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [of the Federal Rules of Civil Procedure]; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments. But even under a liberal interpretation of his construed Rule 60(b) motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff Rule 60(b) relief, to the extent that he seeks relief under Rule 60(b)(1) through (5).

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the Court must also deny such relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). A party seeking such relief must show that his motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief," *Honickman*, 605 U.S at 214. Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6) as well.

## CONCLUSION

The Court construes Plaintiff's motion for an extension of time to file a notice of appeal (ECF 28) ("Rule 4(a)(5) motion") as a timely notice of appeal declaring Plaintiff's intent to appeal the Court's August 19, 2026 order of dismissal and August 21, 2026 civil judgment dismissing this action. The Court therefore directs the Clerk of Court to terminate ECF 28, file

the Rule 4(a)(5) motion (ECF 28) as a notice of appeal, and forward the record of this action to the United States Court of Appeals for the Second Circuit for the purposes of Plaintiff's appeal.

In addition, the Court construes Plaintiff's Memorandum (ECF 28) as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure, and as a motion for relief from a final judgment or order, brought under Rule 60(b) of the same rules, and denies those motions.

SO ORDERED.

Dated: October 9, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.